**UNITED STATES of America,**
**Appellee,**

v.

**Lamar THOMPSON, Tyrese Morris, aka Reese, Tyquan Morris, Emanuel Velasquez, aka Cubano, aka Doogie, Steven Buono, aka Stevie, aka Yay Yo, aka Black, Kevin A. Huffman, Jr., aka Fat Kev, aka Sporty, Antoine Evans, aka Freckles, aka Ant, Ronnell Garmie, aka Rah, aka Blue, Isaiah Presley, aka Freaky, Dennis Miller, aka Preach, Daron Thompson, aka Skyma, Severne Watson, aka SP, Joel Richards, aka Jo Jo, Diane Cordero, aka Candy, Camelin Morris, aka Dread,**

Kisha Miller, Phylicia S. Evans, aka Pink, aka Tiny, Kenron Mitchell, aka Taliban, Stanley Jackson, aka Turk, Anthony Manigault, aka Ice, Kenneth Manigault, aka Bubba, John Butler, aka Light, Tiras Segrede, Defendants,

John Salabarria, aka Johnny, Defendant–Appellant.

No. 10–4574.

United States Court of Appeals, Second Circuit.

Jan. 3, 2012.

Richard E. Signorelli, Law Office of Richard E. Signorelli, New York, N.Y., for Appellant.

Edward Y. Kim, Telemachus P. Kasulis & Katherine Polk Failla, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Present: ROSEMARY S. POOLER, RAYMOND J. LOHIER, JR., Circuit Judges.[*]

## SUMMARY ORDER

John Salabarria appeals from his conviction in federal court following a jury trial on the ground that the government intentionally excluded black women from serving on his jury in violation of the Equal Protection Clause of the U.S. Constitution. We assume the parties' familiarity with the facts of the case and the issues on appeal.

"On appeal, a trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous." *Snyder v. Louisiana*, 552 U.S. 472, 477, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008).

We do not think that the district court clearly erred in concluding that the government's race— and gender-neutral explanations for exercising its peremptory challenges were credible. *See Batson v. Kentucky*, 476 U.S. 79, 98 n. 21, 106 S.Ct.

[*] The Hon. Debra Ann Livingston, who had originally been assigned to this panel, recused herself. The remaining two members of the panel decide the matter pursuant to Second Circuit Internal Operating Procedure E(b).

1712, 90 L.Ed.2d 69 (1986) ("Since the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference.").

The fact that one potential juror stated during voir dire that her brother had been incarcerated for murdering a woman at least raised a question of whether she might harbor some bias against the government. In addition, we have previously found that "it was plausible for the prosecutor to think that a juror who regularly watched television shows in which forensic science conclusively solved crimes might be more inclined to demand such evidence in order to convict." *United States v. Farhane*, 634 F.3d 127, 157–58 (2d Cir. 2011).

Furthermore, even if we assume, *arguendo*, that the government's waiver of its final peremptory strike could be interpreted as an act of intentional discrimination in violation of the Equal Protection Clause, defense counsel did not object to the government's waiver of its last strike. Because "it is not apparent from the record that [Salabarria] intentionally relinquished a 'known right,'" and given that "the government agrees that plain error review is proper here, .... we review defendant's ... *Batson* objection for plain error." *United States v. Brown*, 352 F.3d 654, 663 (2d Cir.2003).

We see no such error here. Indeed, "[t]he trial court did not have the opportunity, at the time of jury selection, to conduct an inquiry into the prosecutor's reasons for" waiving its final strike. *Id.* at 670. Therefore, "the basis for the challenge is ambiguous enough so that any error the judge might have committed in permitting the strike was not 'obvious' or 'egregious.'" *Id.*

Accordingly, the order of the district court is AFFIRMED.